UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

NICHELE Y. MORGAN AND TACOVIA N. MCCLLOR, on their own behalf and on behalf of those similarly situated,

    PLAINTIFF,

V.

NORTH PORT RETIREMENT CENTER, INC. D/B/A THE GARDENS OF VENICE AND ZIA BUTT,

    DEFENDANTS.

CASE NO.: 8:17cv2394T23TBM

## COMPLAINT AND DEMAND FOR JURY TRIAL (COLLECTIVE ACTION)

Plaintiff, NICHELLE Y. MORGAN, ("Morgan") and TACOVIA N. McCLLOR ("McCllor") (collectively referred to as "Plaintiffs") on their own behalf and on behalf of those similarly situated was an employee ("Class members") of North Port Retirement Center, Inc. d/b/a The Gardens of Venice ("Gardens") and Zia Butt ("Butt") , (hereinafter, collectively referred to as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION AND VENUE

1) This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2) Venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff in Sarasota County, Florida, at its main place of business.

3) Plaintiffs and class members were employees of the Defendants and at all times relevant to violations of the Act were engaged in commerce as defined by 29 U.S.C. 207(a).

4) Plaintiffs and class members were home health aides, med-techs or dietary aids who performed a variety of tasks and responsibilities including providing assistance to residents with Activities of Daily Living, companion services, activities with residents, housekeeping and serving meals.

5) Defendant Gardens is a Florida corporation, having its main place of business in Sarasota County, Florida.

6) The annual gross revenue of Gardens was at all times material hereto in excess of $500,000 per annum; therefore the Act's requirements and the Overtime requirements apply.

7) At all material times, during the last three years, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    (a) Engaged in commerce; or

    (b) Engaged in the production of goods for commerce; or

    (c) Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. restaurant equipment, tools and/or supplies).

8) The Plaintiffs have retained the Malatesta PLLC d/b/a Malatesta Law Office to represent themselves and the class members in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL FACTUAL ALLEGATIONS

9) Butt is the President and majority shareholder of Gardens.

10) Butt is responsible for setting Gardens payroll practices including those covering overtime compensation and compliance with the Act.

11) Gardens is an assisted living and independent living community.

12) The Defendants had a policy of paying the Plaintiffs and all class members via a handwritten check for all hours in excess of forty hours.

13) Morgan worked for the Defendant from September 30th, 2016 through September 13th, 2017.

14) McCllor worked for the Defendants from February of 2016 through May of 2016.

15) When Plaintiffs or a class member reached forty hours in a given workweek, they were directed to clock out of the regular time system and fill out a time sheet.

16) The time sheet was to be handwritten and stored with Vanessa Diggers, Administrator.

17) Plaintiffs and class members received their regular rate of pay for these hours recorded on a separate time sheet.

18) On numerous occasions, including February 3rd, 2017 and January 21st, 2017, Morgan received a handwritten check for work she performed in excess of forty hours.

19) During the two week pay period of January 1st, 2017 through January 14th, 2017, Morgan worked a total of 111 hours.

20) Morgan clocked into the regular payroll system for eighty hours and used the handwritten time sheet to record 31 hours of overtime.

21) Morgan received a handwritten check signed by Butt for $310.00 for her thirty-one hours of overtime (a true and accurate copy of the check is attached as Exhibit A).

22) During the two week pay period of January 19th, 2017 through February 1st, 2017, Morgan worked a total of 94.25 hours.

23) Morgan clocked into the regular payroll system for eighty hours and used the handwritten time sheet to record 14.25 hours of overtime.

24) Morgan received a hand written check for $142.50 for her thirty-one hours of overtime (a true and accurate copy of the check is attached as Exhibit A).

25) The Defendants would only compensate the Plaintiffs and Class Members at their regular rate of compensation.

26) Defendants have engineered a system specifically designed avoid compliance with FLSA and discovery is necessary to ascertain the overtime worked by the Plaintiffs and Class Members.

27) Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

28) Defendants have acted willfully in failing to pay Plaintiffs, and those similarly situated to themselves, in accordance with the law.

### COUNT I: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

29) Plaintiffs re-alleges Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30) Plaintiffs, and those similarly situated to them, were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

31) During their employment with Defendants, Plaintiffs, and those similarly situated to them, regularly worked overtime hours but were not paid time and one-half compensation for same.

32) As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs, and those similarly situated to them, time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs, and those similarly situated to them, have suffered damages, plus incurring reasonable attorneys' fees and costs.

33) As a result of Defendants' willful violation of the FLSA, Plaintiffs, and those similarly situated to them, are entitled to liquidated damages.

34) Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendant for:

    a) Designation of this action as a collective action under the terms of 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

    b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by her/them for which Defendant did not properly compensate her/them;

    c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre-judgment and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Respectfully submitted this 10th day of October 2017

FRANK M. MALATESTA
Florida Bar No. 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 220
Venice, FL 34285
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com