**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**NICHELE Y. MORGAN and
TACOVIA N. McCLLOR, on their
own behalf and on behalf of those
similarly situated,**

        **Plaintiff,**

v.                                        **Civil Action No:  8:17-cv-02394-SDM-TBM**

**NORTH PORT RETIREMENT CENTER,
INC., D/B/A THE GARDENS OF VENICE
and ZIA BUTT,**

        **Defendants.**

_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT
AND/OR MOTION FOR A MORE DEFINITE STATEMENT,
AND INCORPORATED MEMORANDUM OF LAW**

      Defendants **NORTH PORT RETIREMENT CENTER, INC., D/B/A THE GARDENS OF VENICE and ZIA BUTT**, by and through undersigned counsel, pursuant to Rule 12(b)(6), Fed. R. Civ. P. and Local Rule 3.01, file this Motion to Dismiss and Incorporated Memorandum of Law, or, in the alternative, pursuant to Rule 12(e), Fed. R. Civ. P. and Local Rule 3.01, file a Motion for A More Definite Statement, as follows:

      1.     In their Amended Complaint, Plaintiffs allege that Defendants violated their rights under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. (hereafter "FLSA").

      2.     In the Amended Complaint, Plaintiffs state that they are "non-exempt hourly paid former employees of Defendant," although Plaintiffs do not allege any specific dates of

1

employment. (Doc #20 at ¶3)  Plaintiffs further allege vaguely that, they and "all other hourly paid employees were subjected to the same illegal pay practices and scheme to avoid the payment of overtime compensation to them under the FLSA;" that "Plaintiffs, and the putative class members, regularly worked more than forty (40) hours per week;" that "During all times relevant, Defendants did not pay Plaintiffs the applicable overtime wage for overtime hours worked;" and  that plaintiffs "suffered damages as a result of Defendants' acts."  (Doc #20 at ¶24-28 and 35) These conclusory allegations constitute the entirety of Plaintiffs' individual claims under the FLSA. Plaintiffs' Amended Complaint provides no detail concerning when they were allegedly employed, their theory of recovery, how many hours they allegedly worked, or the date(s) of the alleged violation(s).

3. Plaintiffs contend that, "all other hourly paid employees were subjected to the same illegal pay practices."  (Doc 20 at ¶24) Plaintiffs do not provide any explanation as to how such individuals are "similarly situated" to Plaintiffs, such as whether these individuals performed the same responsibilities and duties as Plaintiff (and what such responsibilities and duties are), nor does Plaintiff identify any job titles that may be similarly applicable or situated. Plaintiffs further allege that "Plaintiffs and the putative class members regularly worked more than forty (40) hours per week;" that Defendants had two methods of timekeeping and check payments; that Defendants willfully engaged in practices that denied Plaintiffs overtime wages; and that individuals "similarly situated to Plaintiff" have been harmed by Defendant's acts. (Doc 20 ¶26-28 and 35) Again, Plaintiffs fail to specify how many hours these "similarly situated" individuals allegedly worked, the dates of the alleged violation(s), or shown what practices have led to the alleged failure to pay overtime wages.

4.     Plaintiffs do not allege any facts to establish Defendants' allegedly "intentional and willful" actions; nothing in the Amended Complaint alleges anything about Defendants' knowledge. Nor does Plaintiff allege any facts to further explain the basis of the overtime claims. There are significant factual gaps in Plaintiff's Complaint that make it impossible to determine the theories upon which they base their claims.

5.     As an alternative to its Motion to Dismiss, Defendants move for an Order pursuant to Rule 12(e), Fed. R. Civ. P., for a more definite statement.

## MEMORANDUM OF LAW

**A. Motion to Dismiss Standard**

Rule 12(b)(6), Fed. R. Civ. P., provides that a motion to dismiss may be based upon "failure to state a claim upon which relief may be granted." Plaintiffs' claims fail because they have not pled sufficient facts – or in some instances any facts at all – to support any of the claims in their Amended Complaint.

A pair of United States Supreme Court cases clarified the pleading burden faced by a plaintiff. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007), the Supreme Court held that Rule 8(a)(2), Fed. R. Civ. P. requires an evidentiary "'showing' rather than a blanket assertion of relief." In other words, the plaintiff's allegations must "raise a right to relief above the speculative level." *Id.*

After *Twombly*, the Supreme Court revisited the issue of a complaint's factual specificity in *Ashcroft v. Iqbal*, 556 U.S 662 (2009). *Iqbal* was, in part, a discrimination case; the plaintiff alleged he was wrongfully imprisoned because of his religion, race, and national origin. *Id.* at

680. In disposing of the discrimination allegations, the *Iqbal* Court strongly reiterated and expanded upon *Twombly's* holding regarding the need to plead facts rather than conclusions.

The Court began its analysis in *Iqbal* by repeating *Twombly's* point that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The *Iqbal* Court further held that, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 557.

The *Iqbal* Court further explained,

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation.") . . . . **Second, only a complaint that states a plausible claim for relief survives a motion to dismiss**. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not show[n] — "that the pleader is entitled to relief."

678-79 (quoting Rule 8(a)(2), Fed. R. Civ. P.) (internal citations and parenthetical omitted, emphasis added). In conclusion, the *Iqbal* Court held that "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions**." *Id*. at 678-79 (emphasis added). *See also St. Croix v. Genentech, Inc*., 2012 U.S. Dist. LEXIS 86742 (M.D. Fla June 22, 2012)

> To establish a prima facie case of liability for unpaid overtime under the FLSA, a plaintiff must demonstrate that (1) the defendant employed her; (2) the defendant is an enterprise engaged in interstate commerce covered by the FLSA or the plaintiff is otherwise covered by the FLSA; (3) the

4

>
> plaintiff actually worked in excess of a 40-hour work week; and (4) the defendant failed to pay her overtime wages as required by law. The plaintiff must show "'as a matter of just and reasonable inference' the amount and extent of [her] work in order to demonstrate that [s]he was inadequately compensated under the FLSA.

*Genentech* at *4

Since *Twombly* and *Iqbal*, the Eleventh Circuit explained, in *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamed v. Palestinian Auth.*, 566 U.S. 449 (2012), that on a motion to dismiss, the court "is not required to accept a plaintiff's legal conclusions." Similarly, the court is not required to draw inferences and should ignore "unwarranted deductions of facts." *Id.* (citations omitted.) *See also Oates v. Jackson County Sheriff's Office*, 2010 U.S. Dist. LEXIS 57916, *3 (N.D. Fla. Feb. 1, 2010) (noting that "conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal") (internal citations omitted)

Courts have increasingly dismissed wage-and-hour complaints – like this one – that merely recite statutory language and "slavishly repeat the statutory language as to the purported factual allegations." *See, e.g., Pruell v. Caritas Christi*, 2012 U.S. App. LEXIS 7859 (1st Cir. 2012) (even after amendment, complaint still lacked examples or estimates as to the amounts of unpaid time for either plaintiff or described the nature of the work performed during those times); *Anderson v. Blockbuster*, No. 2:10-CV-00158-MCE-GGH, 2010 U.S. Dist. LEXIS 53854, at *6 (E.D. Cal. May 4, 2010) (dismissing overtime claims where plaintiff alleged that he and class members "consistently worked in excess of eight hours in one day, in excess of 12 hours in a day and/or in excess of 40 hours in a week"); *Doe I v. Wal-Mart Stores*, 572 F.3d 677, 683 (9th Cir. 2009); *Harding v. Time Warner,* No. 09cv1212-WHQ-WMc, 2009 U.S. Dist. LEXIS 72851 (S.D. Cal. Aug. 18, 2009) (allegations that employer failed to pay and properly

5

calculate overtime, keep accurate records of all hours worked, provide all wages in a compliant manner, provide uninterrupted meal periods, provide accurate itemized wage statements, and provide timely final pay insufficient); *Harding v. Time Warner, Inc.,* No. 09cv1212-WHQ-WMc, 2010 U.S. Dist. LEXIS 5896 (S.D. Cal. Jan. 26, 2010) (dismissing complaint again for failure to set forth plausible facts); J*ones v. Casey's Gen'l Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (allegations insufficient where plaintiffs alleged they "regularly worked regular time and overtime each week but were not paid regular and overtime wages in violation of the FLSA", "Defendant . . . regularly and repeatedly fail[ed] to compensate Plaintiffs and similarly situated individuals for all hours actually worked").

### B. Plaintiff's Overtime Allegations Are Insufficiently Pled.

Plaintiffs' individual and collective action FLSA claims are defective under the *Iqbal* and *Twombly* standard. Plaintiffs' allegations contain nothing more than recitals of law and conclusory statements. Plaintiffs merely allege that, they and "all other hourly paid employees were subjected to the same illegal pay practices and scheme to avoid the payment of overtime compensation to them under the FLSA;" that "Plaintiffs, and the putative class members, regularly worked more than forty (40) hours per week;" that "During all times relevant, Defendants did not pay Plaintiffs the applicable overtime wage for overtime hours worked;" and that plaintiffs "suffered damages" as a result of Defendants' acts."  (Doc #20 at ¶24-28 and 35)

Such vague recitations of law are plainly insufficient. Plaintiffs' Amended Complaint does not provide any facts to suggest how the "similarly situated" individuals they seek to represent are, indeed, "similarly situated" – they do not mention whether these individuals performed the same job responsibilities and duties as Plaintiff (and what such responsibilities

and duties might be), nor does Plaintiff even identify any job titles of those they claim are similarly situated. Plaintiffs – instead – include "any and all persons **regardless of job title**." (Doc #20 at ¶2) (emphasis added) This flies in the face of established case law.

Where a plaintiff alleges unpaid overtime wages, allegations that plaintiff and others worked "in excess of" forty hours in a week are insufficient under *Twombly* and *Iqbal*. *See Genentech* at *5 (the Complaint offers scant facts in support of a prima facie case for FLSA violations and only conclusory allegations that, "at all times material hereto, Plaintiff worked for Defendant in excess of forty (40) hours per work week." St. Croix provides no dates or date ranges during which she worked overtime or any other factual basis on which this Court can make a "just and reasonable inference" as to the amount and extent of her work). *See also Anderson*, 2010 U.S. Dist. LEXIS 53854 at *6 (dismissing overtime claims where plaintiff alleged that he and class members "consistently worked in excess of eight hours in one day, in excess of 12 hours in a day and/or in excess of 40 hours in a week").

Here, Plaintiffs provide no specifics with respect to the hours they allegedly worked, let alone any factual basis for their allegations regarding hours worked for those allegedly similarly situated. *Iqbal*, 556 U.S. at 678 ("pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"); *see also Wiggins v. Atlantech Distrib.,* 2016 U.S. Dist. LEXIS 94912, (M.D. Fla 2016) (to establish a prima facie case of FLSA – 11th Circuit requires plaintiff to at least provide allegations of the "amount and extent" of alleged unpaid overtime); *Jones*, 538 F. Supp. 2d at 1102 (holding the following allegation insufficient: "Plaintiffs and other assistant managers regularly worked regular time and overtime each week but were not paid regular and overtime wages").

In *Anderson*, 2010 U.S. Dist. LEXIS 53854, the court rejected conclusory allegations that the "Plaintiff and class members consistently worked in excess of . . . 40 hours in a week"; "Defendants willfully failed to pay all overtime"; *Id.* at *6-9. The court held these allegations did not meet minimum pleading requirements because "Plaintiff fails to state when or how Defendant failed to pay the required wages." *Id.* at *8; *see also Weigele v. FedEx Ground Package Sys.*, 2010 U.S. Dist. LEXIS 120475 at *10, 13 (S.D. Cal, 2010) (dismissing non-specific allegations regarding failure to pay overtime); *DeSilva v. N. Shore-Long Island Jewish Health Sys.*, No 10-CV-1341, 2011 U.S. Dist. LEXIS 27138, at *23 (E.D.N.Y. Mar. 16, 2011) (dismissing claims where no factual allegations about when unpaid wages were earned or number of overtime hours claimed); and *Mell v. Gnc Corp.*, No. 10-945, 2010 U.S. Dist. LEXIS 118938 at *23 (W.D. Pa. Nov. 9, 2010).

When the mere legal conclusions are eliminated from Plaintiffs' Amended Complaint in the instant case, and the veracity of the factual allegations are assumed, what's left does not plausibly give rise to an entitlement to relief. Plaintiffs' Amended Complaint leaves us with nothing more than an "unadorned the-defendant-unlawfully-harmed-me accusation." *Hernandez v. Anderson*, 2015 U.S. Dist. LEXIS 72342 at *4 (M.D. Fla. June 4, 2015) (*quoting Iqbal*)

The conclusions alleged here simply do not make it "plausible" that overtime claims exist under the FLSA. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557) (merely pleading facts consistent with defendants' liability stops short of plausibility). Thus, the Court should dismiss Plaintiffs' claims.

### C. In the Alternative, The Court Should Require a More Definite Statement.

Under Federal Rule of Civil Procedure 12(e), the Court has broad discretion to order Plaintiff to provide a more definite statement where the complaint is "so vague or ambiguous" that Defendant "cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). An order for a more definite statement serves the Court's and the parties' interests because "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Tr. of Cent. Fla. Comm. College*, 77 F.3d 364, 367 (11th Cir. 1996) (trial court should have instructed plaintiff's counsel to provide more definite statement). Should this Court determine that Defendant's Motion to Dismiss is not warranted, Defendants request that the Court order a more definite statement.

### **CONCLUSION**

Pursuant to *Iqbal*, *Twombly*, and their progeny, Plaintiffs' conclusory and wholly unsubstantiated claims of FLSA violation fail to state a claim upon which relief may be granted. As a result, Plaintiff's Amended Complaint should be dismissed in its entirety. Alternatively, the Court should require Plaintiff to provide a more definite statement.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been furnished to Frank M. Malatesta, Malatesta Law Office, 871 Venetia Bay Blvd., Suite 220, Venice, FL  34285, and Richard Celler, Esq., and Noah E. Storch, Esq., Richard Celler Legal, P.A., 7450 Griffin Road, Suite 230, Davie, Florida 33314, by Federal Clerk electronic portal, frank@malatestalawoffice.com, richard@floridaovertimelawyer.com and noah@floridaovertimelawyer.com, this 16th day of January, 2018.

                                                  s/ Douglas W. Grissinger
Douglas W. Grissinger
Florida Bar No. 0827827
Attorney for Defendants
MELLOR, GRISSINGER & BACKO LLP
13801 S. Tamiami Trail, Suite D
North Port, Florida 34287
Telephone: 941\426-1193
 Facsimile: 941\426-5413
Primary email address:  doug@northportlaw.com
Secondary email address:  suzy@northportlaw.com