UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHELE Y. MORGAN
and TACOVIA N. MCCULLOR,

    Plaintiffs,

v.                                CASE NO. 8:17-cv-2394-T-23CPT

NORTH PORT RETIREMENT
CENTER, INC. and ZIA BUTT,

    Defendants.
_____/

## **ORDER**

Suing under the FLSA, Nichele Morgan and Tacovia McCullor allege (Doc. 20) that North Port Retirement Center and Zia Butt failed to pay time-and-a-half when the plaintiffs worked more than forty hours in a week at the defendants' assisted-living facility in Sarasota. The defendants move (Doc. 27) to dismiss for failure to state a claim, and the plaintiffs move (Doc. 16) for conditional certification of a collective action under 29 U.S.C. § 216(b).

**1. Motion to dismiss**

Tacitly attempting to invoke Rule 9(b)'s "particularity" requirement, the defendants insist that the plaintiffs must identify the weeks in which the plaintiffs worked more than forty hours and the amount of overtime owed. *Cf. United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301 (11th Cir. 2002) (holding that the

Rule 9(b) requires the relator in a False Claims Act *qui tam* action to allege the day and the amount of a fraudulent claim). But Rule 9(b) applies only if a plaintiff alleges "fraud or mistake." Rule 8(a), which governs an FLSA claim, requires only a "short and plain" statement showing the plaintiff's right to relief. *See Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). The complaint alleges that the FLSA covered the plaintiffs, that the plaintiffs occasionally worked more than forty hours in a week, and that the defendants failed to pay time-and-a-half when the plaintiffs worked more than forty hours in a week. (Doc. 20 at ¶¶ 26–28) Because these allegations of fact show the plaintiffs' right to overtime, the plaintiffs state a claim under the FLSA.

**2. Motion for conditional certification of a collective action**

Section 216(b) of the FLSA permits an employee to sue in behalf of herself and another "similarly situated" employee. The plaintiffs request the conditional certification of this class:

> All hourly employees of Defendants who, at any time during the last
> three (3) years, were not paid full and proper overtime compensation
> for all hours worked over forty (40) in one or more workweeks.

(Doc. 16 at 1) Also, the plaintiffs request leave to notify the prospective class about this action through both mail and e-mail. (Doc. 16-4)

Conditional certification of a collective action requires the plaintiff to show that other "similarly situated" employees might join the action. At the beginning of the litigation, the determination whether other employees are "similarly situated"

depends on the complaint and the record evidence.  *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217–19 (11th Cir. 2001) (citing with approval *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)).  Although Section 216 requires similar, not identical, employment of the plaintiff and a putative class member, the fact that the plaintiff and another employee worked for the same employer fails (absent the defendants' uniform treatment of the employees or absent other similarities between the employees' jobs and pay) to satisfy the "similarity" requirement.  *See, e.g.*, *Marsh v. Butler Cty. School Sys.*, 242 F.Supp.2d 1086, 1094 (M.D. Ala. 2003).  In addition to working for the same employer, the plaintiff and a putative class member typically must "[be] similarly situated with respect to their job requirements and with regard to their pay provisions."  *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567–68 (11th Cir. 1991) (internal quotation omitted).

Although the complaint repeats the phrase "similarly situated" six times, no facts in the complaint describe the plaintiffs' duties, pay, or other proposed "similarities" in the employees' treatment.  The complaint includes one uninformative allegation about the plaintiffs' employment: the plaintiffs are "non-exempt, hourly paid employees."  (Doc. 20 at ¶¶ 3, 26)  Rather than support the plaintiffs' motion for conditional certification, the declarations (Docs. 16-1 through 16-3) submitted by the plaintiffs suggest several dissimilarities in the putative class.  Plaintiff Nichele Morgan affirms that she worked at the Sarasota facility from

September 2016 through September 2017 as a "Medtech/Caregiver." In that capacity, Morgan dispensed medication, "appl[ied] creams" to the residents' skin, and performed unspecified "miscellaneous" tasks. (Doc. 16-1 at 2) Plaintiff Tacovia McCullor, whose declaration fails to identify her title, attests to "serving food to residents." (Doc. 16-2 at 2) Andrea Matthis, a "Caregiver/Dietary Aid," attests to serving meals and "providing hands[-]on assistance with the activities of daily living." (Doc. 16-3 at 2)

That the proposed class covers both a server and an aide tasked with dispensing medication suggests the unsuitability of a collective action for resolving this litigation, and Zia Butt's affidavit confirms that suspicion. Butt, the president of the Sarasota facility, identifies five departments ("Resident Care, Dietary, Activities, Maintenance, and Housekeeper") at the facility, which employs more than forty people. (Doc. 23-1 at 3–4) Butt affirms that the employees' duties and pay vary by department. (Doc. 23-1 at 3) As explained above, *Dybach* cautions that Section 216 typically requires similarity between the employees' "job requirements" and "pay provisions." In this instance, the employees' differing "job requirements" and "pay provisions" preclude certifying a collective action at this time, and the plaintiffs identify no other pertinent similarity that warrants certifying a collective action. *See, e.g.*, *Mackenzie v. Kindred Hosp. East, L.L.C.*, 276 F.Supp.2d 1211, 1220–1221 (M.D. Fla. 2003) (denying a motion for conditional certification of a collective action where

- 4 -

the proposed class "includes a diverse group of pharmacists with different titles and job duties"); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1277–78 (M.D. Ala. 2004) (denying a motion for conditional certification of a collective action where the plaintiffs defined the class to include "all similarly situated employees (current and former) of Defendant who were subject to the uniform policy of not paying overtime"); *Gross v. Pelican Point Seafood of Tarpon Springs, LLC*, 2017 WL 3316632 (M.D. Fla. Aug. 3, 2017) (denying a motion for conditional certification of a collective action that "presumably cover[ed] nearly every employee," including those in four departments).

Also, the plaintiffs — who worked at North Port's assisted-living facility in Sarasota — propose to certify a collective action comprising "all hourly employees of Defendants." The records of the Agency for Health Care Administration, which regulates assisted-living facilities in Florida, show that North Port manages at least four facilities in Florida.[1] Matthis's declaration fails to identify the facility at which Matthis worked, and nothing in the complaint or the declarations suggests an FLSA violation outside the Sarasota facility.

Additionally, the affidavits fail to evidence a pervasive practice of paying less than time-and-a-half to employees who worked more than forty hours weekly.

---

[1] The Gardens of North Port (license no. 10843); The Gardens of Venice (license no. 12423), Sandhill Gardens Retirement Center (license no. 9905), and North Port Retirement Center (license no. 7860).

Although the declarations evidence the defendants' uniform practice of maintaining two sets of time-cards, the disputed practice in this action is not the recording of employees' overtime hours on a separate time-card but rather the alleged failure to pay time-and-a-half for the overtime hours. The declarations, which fail to identify by name other employees who worked more than forty hours weekly without receiving time-and-a-half, provide little or no evidence of a prevalent practice of requiring each employee to work more than forty hours weekly without the payment of time-and-a-half. At most, Matthis's declaration suggests one employee similarly situated to a plaintiff.

## CONCLUSION

Based on three vague and conclusory declarations, the plaintiffs (who worked at the Sarasota facility) aspire to certify conditionally a class comprising all of the current and former employees of four facilities throughout southwestern Florida. Butt's declaration affirms that the employees' duties and pay vary by job, and the plaintiffs' declarations confirm that the employees perform different jobs. And the plaintiffs identify no uniform practice that results in systemic FLSA violations. Because the putative class fails to meet Section 216's "similarity" requirement, the motion (Doc. 16) for conditional certification of a collective action is **DENIED**. The request (Doc. 16 at 1) for leave to notify the putative class about this action is **DENIED**. Because the plaintiffs allege facts sufficient to state a claim, the motion

(Doc. 27) to dismiss is **DENIED**.  Because the plaintiffs fail to show that Gabrielle Peavy is similarly situated to the plaintiffs, Peavy's notice (Doc. 12) of consent to join this action is **STRICKEN**, and Peavy's FLSA claim is **DISMISSED WITHOUT PREJUDICE**.  Already parties to this action, Morgan and McCullor cannot "join" the action.  Morgan's and McCullor's notices (Docs. 10 and 11) of consent to join this action are **STRICKEN**.

ORDERED in Tampa, Florida, on February 28, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE