UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHELE Y. MORGAN and
TACOVIA N. McCLLOR, on their
own behalf, and on behalf of those
similarly situated,

    Plaintiffs,

v.                                      Case No: 8:17-cv-02394-SDM-TBM

NORTH PORT RETIREMENT CENTER,
INC., d/b/a THE GARDENS OF VENICE,
and ZIA BUTT, individually,

    Defendants.

## JOINT MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiffs, NICHELE Y. MORGAN and TACOVIA N. McCULLOR and Defendants, NORTH PORT RETIREMENT CENTER, INC., d/b/a THE GARDENS OF VENICE, and ZIA BUTT hereby submit the parties' executed Settlement Agreement and Release for review and approval in this case which includes claims arising under the Fair Labor Standards Act (FLSA) and dismiss this matter with prejudice, and provide the following Joint Memorandum:

    1.    The Parties have since engaged in arms-length settlement negotiations that resulted in a compromise between Plaintiffs and Defendants to resolve all of Plaintiffs' underlying claims for alleged unpaid wages and Plaintiff's attorneys' fees and costs. Under the Parties' settlement, Defendant has agreed to compensate Plaintiff Nichelle Y. Morgan $612.50 in unpaid overtime and $612.50 in liquidated damages in compromise to resolve their claims for unpaid wages and liquidated damages plus reasonable attorney's fees and costs. Ms. McCullor has decided to resolve her claims for $100 in general damages.

2. Counsel for the Plaintiff has expended $1,250 in costs and over eighty hours (80) litigating this matter.

3. As a result, the Parties compromise is in line with their own best and worst case scenarios.

4. Pursuant to the Court's Settlement Approval requirements and Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

5. More specifically, pursuant to Lynn's Food, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

    (1) the existence of fraud or collusion behind the settlement:
    (2) the complexity, expense, and likely duration of the litigation;

  (3) the stage of the proceedings and the amount of discovery completed;
  (4) the probability of plaintiff's success on the merits:
  (5) the range of possible recovery; and
  (6) the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at *2-3.

  6. At all times throughout this case, Plaintiff and Defendant have each been represented by experienced counsel in the prosecution and defense of wage & hour claims and both Plaintiff and Defendant took into account the uncertainty and risks along with the additional time that would be expended and fees incurred if the litigation had continued litigation, such that the parties respectfully submit there was sufficient investigation and review of time and compensation records to enable Plaintiff's Counsel and Defendant's to make recommendations and confer with their clients in order to achieve a resolution in this case.

  7. The compromise agreed upon in the parties' Settlement Agreement for Plaintiff's attorneys' fees and costs was separate and distinct from the underlying resolution of Plaintiff's claims for alleged unpaid wages and damages. As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. See, e.g., Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009).

WHEREFORE, Plaintiffs and Defendants respectfully request the Court approve their Settlement Agreement and dismiss this action with prejudice.

| | |
|---|---|
| By: */s/ Frank M. Malatesta, Esq.* <br> Frank M. Malatesta, Esquire <br> Florida Bar No. 0097080 <br> E-mail: frank@malatestalawofice.com <br> 871 Venetia Bay Blvd, Ste. 220 <br> Venice, Florida 34285 <br> Telephone: (941) 256-3812 <br> Attorney for Plaintiff | By: */s/ Douglas W. Grissinger* <br> Douglas W. Grissinger <br> MELLOR, GRISSINGER & BACKO LLP <br> 13801 S. Tamiami Trail, Suite D <br> North Port, Florida 34287 <br> Email: doug@northportlaw.com <br> Secondary Email: suzy@northpotlaw.com <br> Attorney for Defendants |